AE

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOHN H. WILLIAMS
(Name of the plaintiff or plaintiffs)

v.

MICHAEL J. ASTRUE
COMMISSIONER OF
SOCIAL SECURITY
(Name of the defendant or defendants)

07cv6726
JUDGE ANDERSEN
MAG. JUDGE ASHMAN

J N

FILED
NOV 3 0 2007
NOV 30 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1. This is an action for employment discrimination.

2. The plaintiff is JOHN H. WILLIAMS of the county of COOK in the state of ILLINOIS.

3. The defendant is MICHAEL J. ASTRUE, COMMISSIONER-SOCIAL SECURITY whose street address is P. O. BOX 17712,
(city) BALTIMORE (county) ______ (state) MARYLAND (ZIP) 21235
(Defendant's telephone number) (410)- 965-3120

4. The plaintiff sought employment or was employed by the defendant at (street address)
600 W. MADISON ST. 10TH FL (city) CHICAGO
(county) COOK (state) ILLINOIS (ZIP code) 60661

☒ Yes (month) MAY (day) 1 (year) 2005

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) AUGUST (day) 31 (year) 2007.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☒ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☒ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a)☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b)☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)__________ (day)_______ (year)_______ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [***check only those that apply***]:

(a)☒ Age (Age Discrimination Employment Act).

(b)☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [***check only those that apply***]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☒ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): ____________________________________________

______________________________________________________________

13. The facts supporting the plaintiff's claim of discrimination are as follows:

SEE ATTACHED

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [***check only those that apply***]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☒ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): ______________________

5. The plaintiff [***check one box***]

(a) ☐ was denied employment by the defendant.

(b) ☒ was hired and is still employed by the defendant.

(c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) MAY, (day) 1, (year) 2005.

7.1 ***(Choose paragraph 7.1 or 7.2, do not complete both.)***

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not* ☐ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_______ (day)_____ (year)_____.

(ii) ☐ the Illinois Department of Human Rights, on or about (month)_______ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

John H. Williams

(Plaintiff's name)

JOHN H. WILLIAMS

(Plaintiff's street address)

5701 N. SHERIDAN RD

UNIT 14R

(City) CHICAGO (State) IL (ZIP) 60660

(Plaintiff's telephone number) (773) - 275-8957

Date: 11-30-07

## QUESTION 13 FROM THE COMPLAINT FORM

I am alleging that the Agency discriminated against me on the basis of my combined race (black), gender (male) and age (over 50) when it did not select me for the position of District Manager in the Chicago Lawndale field office or District Manager in the Chicago West field office. After I applied for the Chicago West position, I was among 15 candidates placed on the best-qualified list. There were 8 candidates (53%) age 50 or over on the Best Qualified list. In that case, the Agency's selecting official (Dennis Davis, Area Director, Area VII) determined that Vela Marshall, age 46, an African American female, was a better candidate for the job. I was therefore, not selected when the position was filled in April 2005.

Similarly, after I applied for the Chicago Lawndale position, the Agency determined that I was one of 18 best-qualified candidates. There were 6 candidates (33%) age 50 or over on the Best Qualified list. However, the Agency's selecting official (Mr. Davis) ultimately determined that another individual, Elsa Cruz, age 35, a Hispanic female, was a better candidate for the job. I was therefore, not selected when the position was filled in May 2005.

As a result of these selections, I filed a complaint with EEOC against the Agency alleging discrimination based on race, gender and later amended my complaint to add age.

John H. Williams
5701 N. Sheridan Rd.
Unit 14R
Chicago, IL 60660
(773) 275-8957

Signature John H. Williams

Date 11-30-07

07C 6726

**INDIVIDUAL EEO DISCRIMINATION COMPLAINT FORM**

You may use the form below to file your complaint. Use of the form is not required. However, to file a discrimination complaint, you **must submit a copy of the EEO Counseling Report, including all attachments.**

1. Complainant:

JOHN H. WILLIAMS
Name

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
Social Security Number

5701 N. SHERIDAN RD-14R
Home Address – Street, RD, P.O. Box

CHICAGO, IL 60660
City, State Zip Code

Home Phone : Area Code (773) 275 - 8957

Business Phone: Area Code (312) 575 - 4015

2. Complainant's Representative:

Name

Business Address – Street, RD, P.O. Box

City, State Zip Code

Business Phone: Area Code (______) ______ - ______

If representative is employed by SSA, state where and give telephone number to be used during normal working hours.

SSA, OCREO 2005 JUN -9 AM 8:11

(3.) I wish to file a formal EEO Complaint, a copy of the **completed EEO Counseling Report outlining the issues and bases in my complaint is attached.**

4. **I have** / (**have not**) (circle one) filed a complaint under the negotiated grievance procedure or filed an appeal with the Merit Systems Protection Board on the same issues(s)

5. **I am** / (**am not**) (circle one) interested in participating in the Agency's ADR Process.

John H. Williams
Complainant's Signature

6-2-05
Date

33

07 C 6726

**COMPLAINANT'S AFFIDAVIT**

**THE STATE OF ILLINOIS** )
)
**COUNTY OF COOK** )

I, **JOHN H. WILLIAMS (African-American/Male),** am a SSI Program Expert GS-13, assigned to the SSI policy staff in the Chicago Regional Office. I report to Robin Reeves, Center Director for Retirement and Survivor's Insurance/Supplemental Security Income Staff, and I have been employed by the agency for 30 years.

I HAVE BEEN ADVISED OF THE FOLLOWING:

I am required by Federal Regulations and the Social Security Administration's policy to cooperate fully and promptly with the investigator who has been assigned to conduct a thorough and impartial investigation into a complaint of discrimination against the Social Security Administration. I must provide a statement for the investigative report which is true and complete to the best of my knowledge and which discloses all of my firsthand knowledge having a bearing on the merits of the complaint. My statement is provided under oath (or affirmation), without a pledge of confidentiality, in accordance with Equal Employment Opportunity Commission rules and regulations and the Social Security Administration policy. This means that any employee(s) whom I accuse of discrimination or other acts of impropriety may be shown relevant portions of my affidavit and be provided an opportunity to respond for the record. In addition, the complainant and the appropriate Departmental officials involved in the EEO complaint process will receive the entire investigative file. I have the right to review my statement prior to signing it and may make initialized corrections if it is incomplete or inaccurate. I have the right to receive a copy of the signed statement.

07C 6726

**Complainant's Affidavit**
***John H. Williams***
**Page 2**

Having been advised of the above information about my role as a witness in the investigative process, I solemnly swear the statement which follows is true and complete to the best of my knowledge and belief, and addresses the issues and concerns raised with me by the investigator.

In February 2005, I applied for the GS-13 District Manager [Lawndale] position, made the best qualified list, but was not selected nor interviewed for the position. The position was advertised under vacancy announcement number SS-05-060. Elsa Cruz (Female/Hispanic) was selected. It is my understanding that Dennis Davis, Area Director for Chicago Region 5 was the selecting official, and Carolyn Simmons who at the time was Deputy Regional Commissioner was the concurring official. I am not aware if an interview panel was involved in the selection(s). If one were, I was not paneled. In May/June 2005, Ms. Simmons was promoted to the Associate Commissioner, Office of Central Operations, in Baltimore, Maryland.

My race and sex discrimination allegations are founded upon the fact of my non-selections; there are no African-American male GS-14 field office managers in Area 7 and perhaps 10 in the entire Region which encompasses six states (approximately 226 field offices); and the Chicago metropolitan area contains no GS-14 African-American male field office managers.

J.H.W.
**(Initials)**

07C 6726

**Complainant's Affidavit**
***John H. Williams***
**Page 3**

I did not complain to Mr. Davis regarding my non-selection because in March 2005, I informed him that I was interested in a field office manager position. I recall that Mr. Davis asked me why, "what's going on upstairs, did something happen." I found his comment surprising; however, I told him that I was merely seeking opportunities for advancement. I have applied for GS-14 positions in the field office and Payment Service Center since the year 2000 and have always made the Best Qualified List. Mr. Davis reminded me that I had not worked in the field recently and informed me that "things have changed." I disagreed and reiterated my request for a detail when same became available. Mr. Davis said, "Sometime you have to move sideways before you can move forward." I asked for an explanation of his comment, and he suggested that I accept a lateral Assistant District Manager position first. In addition, I recall that Mr. Davis said without explanation or detail that "we have to get your feet wet." I replied affirmatively and said let me know if a position becomes available. By this conversation, Mr. Davis was aware of my promotion interest. Yet I was not promoted or considered for a temporary detail. Further, I discussed my non-selection with Ms. Reeves. I recall that Ms. Reeves said, "You know how the process works but you can't give up and continue to apply."

Shortly after my conversation with Mr. Davis, he sent an email to all employees interested in a developmental assignment at the Chicago (Near Northwest) field office. Mr. Davis sought a GS-13 or GS-14 employee for a 30 - 60 day detail as an acting District Manager. I responded before the March 29, 2005 deadline and requested consideration for the position. On April 4, 2005 I

J.H.W.
**(Initials)**

07C 6726

**Complainant's Affidavit**
***John H. Williams***
**Page 4**

learned that Casey Lorenc (Caucasian male) was selected for the temporary detail. Mr. Lorenc has no field experience whatsoever. On the contrary, I possess significant field experience and I discussed advancement opportunities with Mr. Davis prior to his selection of Mr. Lorenc. It should also be noted that at the time, all of Mr. Davis' inner city permanent field office manager positions were held by females.

In addition to Mr. Davis' bias toward African-American males, the Chicago Region has a "club" and if you are not a member, regardless of your performance, you will not be selected for positions beyond GS-12 and sometimes GS-13. Promotions are often based on "likeability" as opposed to "ability." As an example, a position will open and close without selections until the person management has pre-selected has either filed or is chosen. In my opinion management also creates certain positions for certain individuals or favored employees. It is a known fact that employees know who is next in line to get a position. Ms. Cruz, who is a member of the "club", is well liked. She has been with the agency for 10 - 12 years and has held positions in limited scope and accepted a detail for 4 months, which afforded her "supervisory experience."

Furthermore, it is widely known from past practices that a Hispanic individual will be selected for the Lawndale office because the neighborhood is predominately Hispanic. Managers are not required to speak Spanish; however, the employees under their supervision must speak the language. In my opinion, Ms. Cruz' selection was also based on the fact that she is Hispanic and

J. H. W.
**(Initials)**

07C 6726

**Complainant's Affidavit**
***John H. Williams***
**Page 5**

speaks Spanish, which is discriminatory. It should also be noted that although I do not speak Spanish, I have some understanding of phrases and terms, but not enough to carry a conversation.

Further, I was not selected for the GS-14 District Manager position under Vacancy Announcement Number SS-05-001. Mr. Davis recommended Vela Marshall (African-American/Female) for the position, and Ms. Simmons concurred. In my opinion, Ms. Marshall's experience is still lacking compared to mine. I feel I am much better qualified based on the positions I have held and my tenure with the agency (16 years in the field office and 14 years in the Regional Office). As additional information, subsequent to filing my EEO complaint, Mr. Davis selected David Lintner as the District Manager of the Chicago (Near Southwest), IL office. If I recall correctly, the position was advertised under vacancy announcement SS-05-097.

In sum, it is my belief that my qualifications are superior to the selectees and those before these. However, I am not a member of the "club" and therefore will continue to be passed over. I have seen many qualified individuals not selected for positions for the same reason. An example of this is the non-selection of Jerry Patt (Caucasian male) to a field office managers position after serving a 4 month detail at the North Riverside, IL FO last year as a District Manager. While on this detail, the office performed better than it ever has. Jerry also outperformed most of Mr. Davis' offices in his Area (7). It should be noted that Mr. Davis' Area (Area 7) is the worst

J. H. W.
**(Initials)**





07c 6726



performing Area in the Region and one of the worst performing in the nation. This is probably due in part to his continued non-selection of individuals that are much more qualified to manage his field offices than the all female selectees. When Jerry Patt applied for the position he served a 4 month detail on it was given to a female employee (Hispanic). Mr. Davis' last 8 -10 field office manager promotions have been all female which is very suspect even though there have been a number of qualified male employees on the Best Qualified List including myself. Mr. Davis surrounds himself with female field office managers. He has 20 field offices under his supervision. Most of his field office managers (14) are female. Of the remaining 6 offices, 4 are permanent male managers but the other 2 positions have been temporarily filled with details. There are a number of African –American males that are not given the opportunity to reach these levels because of Mr. Davis' bias. The practice of selecting and creating positions for friends and individuals that are well liked is very common in this Region. This has been a long standing practice because no one really complains because the feeling is that it's like fighting City Hall, you can't win. Maybe one voice can make a difference. I can no longer sit by and watch these acts continue, especially when it happens to me. I have excelled in every position that I have held with the agency. I more than deserve a promotion to the next level. I am highly regarded by the employees in the Region as well as by Central Office staff for my job knowledge and work ethics. I continue to receive awards each year for my performance and provide the Region with policy guidance on how to process certain workloads. I receive requests and accolades from other Regions on policy issues that I have addressed and made available. If you look at the

J.H.W.
**(Initials)**



65

07C 6726



number of African-American males in the Chicago Region at the GS-14 level and compare that to the number of GS-14 females, you will see that there is such a wide disparity between the two. All of the Regional Commissioner's staff is female. All of the Division Managers (4) in the Payment Service Center (PSC) are female. The majority (90 - 95%) of the MOD managers in the PSC are female. The Assistant Regional Commissioner for Payment Center Operations' staff is female dominated so is most other staffs. Most of the Team Leaders in the Regional Office are female. The majority of the Executive Staff are female. As you can see, there is a growing trend in this Region of promoting only female employees. Females have also replaced males in positions that were upgraded. Instead of the incumbent retaining the position, it was given to a female on several occasions. I want to make it clear that I have nothing against the promotion of female employees or any other employee. However, I do have a problem when all those female promotions are in the form of a discriminatory act against me. I continue to see employees promoted ahead of me which are less talented. Some of these employees I use to supervised and are now at the GS-14 and GS-15 levels because they were given opportunities that I wasn't. As a result of the discriminatory treatment, I request as relief, an immediate GS-14 position; priority consideration for a GS-15 position after two years; pay differential from the date of non-selection, or in the alternative a GS-14 position with a high 3 (unreduced pension); pay differential from the date of non-selection and an apology for the discriminatory acts.


**(Initials)**





07C 6726

**Complainant's Affidavit**
***John H. Williams***
**Page 8**

I have reviewed this statement, which consists of 8 pages, and hereby solemnly swear that it is true and complete to the best of my knowledge and belief. I understand that the information I have given will not be held confidential and may be shown to the interested parties as well as made a permanent part of the record of investigation.

John H Williams
John H. Williams

Date: August 2, 2005

Signed on this the 7 day of Oct., 2005.

Sharon Hozl
(Signature of Investigator/Witness)

J.H.W.
(Initials)




858

07C 6726



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

John H. Williams,
Complainant,

v.

Michael J. Astrue,
Commissioner,
Social Security Administration,
Agency.

Request No. 0520070763

Appeal No. 0120071276
Agency No. 050305SSA

DENIAL

Complainant timely requested reconsideration of the decision in *John H. Williams v. Social Security Administration*, EEOC Appeal No. 0120071276 (July 3, 2007). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

Our previous decision affirmed the EEOC Administrative Judge's (AJ) determination that a decision without a hearing was proper and that complainant did not carry his burden to demonstrate that the agency's reasons for its selection decisions were pretext, that is, that the agency's explanations were not its true reasons, and, instead, were a sham or disguise for animus or based on discriminatory considerations.

In order to merit the reconsideration of a prior decision, the requesting party must submit written argument that tends to establish that at least one of the criteria of 29 C.F.R. § 1614.405(b) is met. The Commission's scope of review on a request for reconsideration is narrow and is not merely a form of a second appeal. *Lopez v. Department of the Air Force*, EEOC Request No. 05890749 (September 28, 1989); *Regensberg v. USPS*, EEOC Request No. 05900850 (September 7, 1990). The Commission finds that the complainant's request does not meet the regulatory criteria of 29 C.F.R. § 1614.405(b), in that, the request does not identify a clearly erroneous interpretation of material fact or law, nor does it show that the underlying decision will have a substantial impact on the policies, practices or operation of the

07C 6726



agency. For the most part, complainant's request merely identifies issues that he believes the previous decision did not address in reaching its conclusion. He also restates the facts set forth in the record and reiterates his contention that those facts establish that he was discriminated against. As previous noted, however, a request to reconsider is not a second appeal. We find no persuasive evidence or argument set forth in complainant's request that establishes either of the criteria provided in 29 C.F.R. § 1614.405(b).

After review of the entire record, the Commission finds that complainant's request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120071276 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## NOTICE OF RIGHTS - REQUEST TO RECONSIDER

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your

07C 6726



time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

AUG 31 2007

Date

07C 6726



## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

John H. Williams
5701 N Sheridan Rd #14R
Chicago, IL 60660

Mark A. Anderson, Director, Civil Rights and Employment Opportunity
Social Security Administration
P.O. Box 17712
Baltimore, MD 21235-7712

AUG 31 2007
Date

Equal Opportunity Assistant